ECHEVARRÍA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Possessory Title.

No. 368.—Decided March 27, 1919.

RECORD OF TITLE—POSSESSORY TITLE—SUMMONS—ADJOINING OWNERS.—The object of summoning the adjoining owners in accordance with article 390 of the Mortgage Law is not to acquire jurisdiction over them, but to comply with a statute, and such compliance is shown by the affidavit of the person who serves the summons; therefore failure to attach to a possessory title proceeding the original summons issued by the clerk of the court which ordered that the proceeding be recorded is not a defect which prevents it from being recorded in the registry of property.

ID.—ID.—ID.—DISTRICT ATTORNEY.—The fact that it is not shown in a possessory title proceeding that the district attorney was summoned, giving the date, hour, and place of service, is not a defect which prevents its admission to record in the registry if the district attorney appeared and set forth in writing that he had no objection to the approval of the proceeding inasmuch as it conformed to all the requirements of law.

ID.—ID.—ID.—MAYOR.—One of the reasons of the registrar for refusing to record the possessory title in this case was that the record of the proceeding did not show that the municipality of Patillas authorized the construction of the house on a lot belonging to said municipality. *Held:* That on the hypothesis that such authorization was necessary, the omission was supplied by the summons issued in the possessory title proceeding and served on the mayor as the representative of the municipality, and by his affidavit acknowledging that the house involved in the proceeding belonged to the petitioner.

ID.—ID.—FINAL ORDER—CURABLE DEFECT.—When there has been no opposition to a possessory title proceeding and the clerk of the court so certifies, the order approving the proceeding springs from consent and is final before the

expiration of the time within which an appeal could be taken, because the parties are estopped from attacking it; therefore failure to state that the order is final for the purpose of recording the proceeding in the registry of property is not a curable defect.

ID.—ID.—ID.—CERTIFICATE OF CLERK—CURABLE DEFECT.—A final order approving a possessory title proceeding should be attested by the clerk of the court and when it is signed only by the judge this constitutes a curable defect.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 8, 1918, the Municipal Court of Patillas approved the possessory title of Francisco Echevarría Altuna to a house which he had built on a lot belonging to the said municipality which was recorded in the Registry of Property of Guayama, and ordered that his title be recorded in said registry without prejudice to the better rights of third persons and that the original record of the proceeding should be delivered to the interested party for that purpose.

The registrar of Guayama refused to record the judgment for the following reasons stated in his decision of May 24: (1) Because it does not appear from said record that the original process for summoning the adjoining owners and the district attorney was returned to the clerk of the municipal court for the information of the judge as to whether they had been duly summoned. (2) Because there is nothing to show that the district attorney was summoned or that the summons was served at a certain time and place, or that the server delivered a copy of the summons to the adjoining owners, indorsing thereon the date and place of service and signing it. (3) Because it does not appear from the record that the municipality of Patillas duly authorized the building of the house. The facts that the decision is not final and is not certified to by the clerk of the court are assigned as curable defects.

That decision is submitted to our consideration in an administrative appeal taken therefrom.

In the case of *Pérez de Tudela* v. *Registrar of Humacao*, 23 P. R. R. 623, we said:

"As to the failure to show that the owners of the adjoining lands were summoned, we will say that the law only requires that they shall be summoned, but we do not know of any provision of law, nor has any been cited by the registrar, which requires that the summons shall be attached to the proceedings. In the present case the affidavit of the person who summoned the adjoining owners is attached to the proceedings, thus showing that the statutory requirement was complied with."

That doctrine is applicable to the present case and is based on the fact that in summoning the adjoining owners it is not sought to acquire jurisdiction over the persons summoned, but to comply with a statute, and this was sufficiently shown by the affidavit of the person who summoned the adjoining owners, the said affidavit being attached to the record. *Quiñones* v. *Registrar of San Germán*, 23 P. R. R. 545.

Section 128 of the Act to regulate the introduction of evidence in civil proceedings, approved March 9, 1905, provides that an affidavit may be used, among other purposes, to prove the service of a summons in an action or special proceeding, and that statute is applicable to the summoning of the adjoining owners in a possessory title proceeding.

We ratify our decision in the case of *Pérez de Tudela* v. *Registrar of Humacao, supra,* notwithstanding our subsequent decision in the case of *Delgado* v. *Registrar of Humacao,* 25 P. R. R. 450. The district attorney should be heard in a possessory title proceeding and his intervention will be limited to a determination of whether it is conducted according to the formalities of law, as provided by article 390 of the Mortgage Law. The district attorney intervened

and was heard in this case, for the district attorney of Guayama stated in writing that he had no objection to the approval of the proceeding, as it had been conducted with du.. regard to the formalities of law.

Although it does not appear from the record that the municipality of Patillas authorized the building of the house, we fail to see that this was necessary; but if it were, the omission was supplied by summoning the mayor of Patillas as the representative of the municipality and by his affidavit to the effect that he did not oppose the proceeding and that the house belonged to the petitioner because he had built it with his own money.

As to the curable defects assigned in the decision appealed from, the first, that the judgment of approval was not final, does not exist, for the said judgment was final from its date for the reason that no objection was made to the approval of the proceeding (*Quiñones* v. *Registrar of San Germán, supra*), and the second, that the judgment was not certified to by the clerk of the court, must be sustained. for it is signed only by the municipal judge and as there was a clerk of the said court, it is clear that he should have certified to it. *Pérez de Tudela* v. *Registrar of Humacao, supra.* The appellant admits the said defect in his brief.

For the reasons stated the decision appealed from is reversed and the registrar ordered to record the proceeding with the curable defect last mentiond.

> *Reversed and record ordered with curable defect.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.